ORIGINAL

FILED
JUL 28 2008
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

| | | |
|---|---|---|
| MARIO A. MENDOZA; JOSE M. SOTO; FRANCISCO JAVIER VELA; JOSE Z. RODRIGUEZ; MARTA S. MARTINEZ; CONSTANCIO LARA, JR; AND IRMA S. OCHOA; | § | |
| *PLAINTIFFS,* | § | No. 1:08-cv-00499-CFL |
| VS. | § | |
| MIKE JOHANNS, SECRETARY OF AGRICULTURE OF THE UNITED STATES; CONDOLEEZA RICE, SECRETARY OF STATE OF THE UNITED STATES, | § | Judge: Lettow |
| *DEFENDANTS.* | § | |

## PLAINTIFFS FIRST AMENDED COMPLAINT

### A. Parties

1. Plaintiff, MARIO A. MENDOZA, is an individual who resides in the state of Texas.

2. Plaintiff, JOSE M. SOTO, is an individual who resides in the state of Texas.

3. Plaintiff, FRANCISCO JAVIER VELA, is an individual who resides in the state of Texas.

4. Plaintiff, JOSE Z. RODRIGUEZ, is an individual who resides in the state of Texas.

5. Plaintiff, MARTA S. MARTINEZ, is an individual who resides in the state of Texas.

6. Plaintiff, CONSTANCIO LARA, JR., is an individual who resides in the state of Texas.

7. Plaintiff, IRMA S. OCHOA, is an individual who resides in the state of Texas.

8. Defendant, THE HON. MIKE JOHANNS, an OFFICER of the United States of America, may be served by serving the United States and by also sending a copy of the summons and of the complaint by registered or certified mail to defendant. *Fed. R. Civ. P. 4(i)(1) & (2).*

9. Defendant, THE HON. CONDOLEEZA RICE, an OFFICER of the United States of America, may be served by serving the United States and by also sending a copy of the summons and of the complaint by registered or certified mail to defendant. *Fed. R. Civ. P. 4(i)(1) & (2).*

**B. Jurisdiction.**

10. The court has jurisdiction over the lawsuit because the action arises under a treaty of the United States, specifically, AN AGREEMENT BETWEEN THE GOVERNMENT OF THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE REPUBLIC OF MEXICO TO ERADICATE SCREWWORMS, signed at Tlatelolco, D.F. Mexico, on August 28, 1972, by His Excellency ROBERT HENRY MCBRIDE, Ambassador Extraordinary and Plenipotentiary of the United States of America and by His Excellency LICENCIADO EMILIO RABASSA, Secretary of Foreign Relations for the United Mexican States. *1972 U.S.T. LEXIS 221.*

11. The court has jurisdiction over the lawsuit according to 28 U.S.C.A. § 1491, because it is an action or claim, against the United States, for unliquidated damages, not sounding in tort.

**C. Facts.**

13. Plaintiffs, all of them, worked for at least 5 years each, at a place called the United States-Mexico Commission for the Eradication of the Screwworm ( Comision ). The Comision was created by bilateral treaty between the United States and Mexico in 1972. Its purpose was to engage the co-operative efforts of both nations to eradicate a parasite which preys on cattle. In Mexico, the organization was called: Comision Mexico Americana Para La Eradicacion Del Gusano Barrenador ( COMEXA ).

14. The treaty provided that the United States would contribute 80% of the total costs of the program, and Mexico would contribute 20%. *1972 U.S.T. LEXIS 221.*

15. The Unites States Department of Agriculture ( USDA ) estimated that before implementation of the treaty, the screwworm was causing over 180,000 deaths in beef cattle per year in the state of Texas alone. *http://www.nal.usda.gov/speccoll/screwworm/history.htm* And this figure resulted from a USDA survey covering only half of Texas 254 counties. *Id.*

16. Since 1975, the COMEXA maintained a physical location in Laredo, Texas, at 4015 N. Jarvis Ave., and in 1992 relocated its location to 4305 North Maher Ave., consisting of offices and warehouse, which were situated on the grounds of the Laredo International Airport. All plaintiffs worked out of said locations.

17. The purpose of locating a COMEXA warehouse at the border was to facilitate trans-shipment of supplies coming from the USDA, which acted as the U.S. government s overseer of the program, to the eradication plant and laboratories in Tuxtla Gutierrez, State of Chiapas, Mexico ( Tuxtla ).

18. Tuxtla was the center of COMEXA operations in Mexico. There, male larvae were irradiated, then cultured to maturity. The sterile male flies, by the millions, were introduced into the environment from overflying aircraft. After mating with sterile males found in the wild, the female flies could not bear viable offspring. Thereby the parasite population was reduced. This activity continued for over a 30 year period.

19. By the latter decades of the 20th century, the co-operative program was successful in completely eradicating the screwworm from all territory north of the Isthmus of Tehuantepec. The USDA estimates that the U.S. livestock industry alone currently enjoys purely economic benefits of $750 million a year from the eradication of the screwworm. *http://www.nal.usda.gov/speccoll/screwworm/history.htm*

20. Plaintiff, MARIO MENDOZA, was appointed to the position of warehouse assistant on September 17, 1979. The appointment was signed by R.L. Coll, an official of the USDA. Mr. Mendoza served continuously with the Commission until September of 2005, a period of 26 years.

21. Plaintiff, JOSE M. SOTO, was appointed to the position of warehouse helper on February 9, 1976. The appointment was signed by Joseph Sparmo, an official of the USDA. Jose M. Soto worked continuously with the Commission until September of 2005, a period of 29 years.

22. Plaintiff, FRANCISCO JAVIER VELA, was appointed to the position of warehouse helper on September 22, 1992. The appointment was signed by Dr. John H. Wyss, an official of the USDA. Francisco Javier Vela worked continuously with the Commission until September of 2005, a period of 13 years.

23. Plaintiff, JOSE ZARAGOZA RODRIGUEZ, was appointed to the position of Forklift Operator on November 16 , 1994. On information and belief, the

appointment was authorized and executed by an official of the USDA. Jose Zaragoza Rodriguez worked continuously with the Commision until April of 2005, a period of 10-1/2 years.

24. Plaintiff, MARTA S. MARTINEZ, was appointed to the position of Bilingual Secretary on January 16, 1985. On information and belief, the appointment was authorized and executed by an official of the USDA. Marta S. Martinez worked continuously with the Commision until January 15, 2005, a period of 20 years.

25. Plaintiff, CONSTANCIO LARA, JR., as appointed to the position of Fork Lift Operator on June 15, 1997. On information and belief, the appointment was authorized or executed by an official of the USDA. Constancio Lara, Jr. worked continuously with the Commision until January 15, 2005, a period of 7-1/2 years.

26. Plaintiff, IRMA S. OCHOA, was appointed to the position of Office Assistant on May 1, 2001. On information or belief, the appointment was authorized or executed by Donald Bailey, an official of the USDA. Irma S. Ochoa worked continuously with the Commision until April 30, 2005, a period of 4 years.

27. In late 2004, an order from USDA/AHPIS came down to close the Laredo office of the Commission. Some Plaintiffs were given an option to move to Brownsville, Texas, where transhipment warehouse for MEDFLY eradication is located 3549 E. Front Street, formerly known as International Delivery Services . No Plaintiffs took the offer to move, and all were separated from their jobs with a small severance package.

**D. Count 1 - Declaratory Judgment**

28. Plaintiffs respectfully request the Court to declare that, for their entire tenure with the Commission, Plaintiffs were United States government employees, as that term is

defined by Title 5 United States Code, Section 2 105(a).

29. Plaintiffs respectfully request the Court to declare that, they were appointed in the civil service by a U.S. government employee, acting in an official capacity. 5 U.S.C. § 2105(a).

30. Plaintiffs respectfully request the Court to declare that Plaintiffs, for their entire tenure with the Commission, were engaged in the performance of a federal function under the authority of law or an Executive act. 5 U.S.C.A. § 2105(a)(2)

31. Plaintiffs respectfully request the Court to declare that Plaintiffs, for their entire tenure with the Commission, were subject to the supervision of one or more U.S. government employees, while Plaintiffs were engaged in the performance of the duties of their position..

32. The Court's Declaration under 5 U.S.C. §2105 is necessary because Plaintiffs have been denied the full panlopy of benefits associated with federal employment enjoyed by actual federal employees in similarly held positions. The benefits include proper status, pay grades, advancement, merit-based salary increases, medical leave, annual leave, insurance, disability, cost of living increases, and accumulation of retirement benefits, among others.

## E. COUNT TWO--- CLAIM FOR MONETARY RELIEF

33. Once Plaintiffs have been declared federal civil-service employees, they assert a claim for monetary relief against defendants to include:

A. A grant of federal employee status;

B. Re-calculation of pay grades and pay levels to conform such grades and levels as against cohorts in the employ of the USDA, and the payment of any positive differential, if found.

C. Re-calculation of cost of living adjustments to conform such adjustments as against cohorts in the employ of the USDA, and the payment of any positive differential, if found.

D. Re-calculation of medical benefits to conform such benefits as against cohorts in the employ of the USDA, and the payment of any positive differential, if found.

E. Re-calculation of merit based salary increases to conform such increases as against cohorts in the employ of the USDA, and the payment of any positive differential, if found.

F. Re-calculation of medical leave and annual leave benefits to conform such benefits as against cohorts in the employ of the USDA, and the payment of any positive differential, if found.

G. Re-calculation of appropriate medical, dental, health, and disability insurance benefits to conform such benefits as against cohorts in the employ of the USDA, and the payment of any positive differential, if found.

H. Re-calculation of retirement benefits to conform such benefits as against cohorts in the employ of the USDA, and the payment of any positive differential, if found.

I. Re-calculation of any and all other payments, benefits, credits, awards, advancement, or other perquisites and emoluments associated with plaintiffs employment, and to conform such items as against cohorts in the employ of the USDA, and the payment of any positive differential, if found.

J. Re-evaluate the termination from employment of each of the plaintiffs, according to Office of Personnel Management standards, as of the date of the terminations.

34. The aggregate amount of plaintiffs claims for monetary relief exceeds $10,000.00.

**F. Prayer.**

35. For these reasons, plaintiffs ask for judgment against defendants for the following:

a. The Court to enter judgement declaring that during their tenure with the Mexican-American Commission, Plaintiffs were and are federal civil service employees.

b. The Court to enter a judgement and order, directed to the Office of Personnel Management, to give Plaintiffs official status as civil servants of the U.S., and afford to Plaintiffs all pay, amenities, emoluments, credits, and benefits, as are extended to other federal employees in similar positions, as such items are enumerated in Section F, above.

c. Reasonable attorney fees.

d. Costs of Court.

e. All other relief the Court deems appropriate.

Respectfully submitted,

Edward P. Fahey, Jr.
State Texas Bar # 24009400
So. Dist of Tex. Fed. Adm. # 29064
1800 Victoria, Suite 2
Laredo, Texas 78040
TEL: (956) 753-0964
FAX: (956) 723-1606
efahey5@sbcglobal.net
ATTORNEY IN CHARGE FOR PLAINTIFFS