IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARIO A. MENDOZA et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08-499C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction. In support of our motion, we rely upon the following brief.

BRIEF

STATEMENT OF THE ISSUES

1. Should the Court dismiss the complaint pursuant to 28 U.S.C. section 1502 because plaintiffs' jurisdictional allegations rely upon an international agreement? Yes.

2. Should the Court dismiss the complaint for lack of jurisdiction because plaintiffs' claims are not based upon a money-mandating provision of Federal law? Yes.

3. Does the complaint fail to name the United States as the proper defendant? Yes.

4. Are plaintiffs' claims that accrued prior to July 18, 2000 time barred? Yes.

STATEMENT OF THE CASE

On July 18, 2006, plaintiffs filed their original complaint in the United States District Court for the Southern District of Texas, No. 06-CV-111. On December 3, 2007, the district court transferred the action to this Court after it became apparent that plaintiffs seek more than $10,000 in damages. Plaintiffs re-filed their amended complaint in this Court on July 28, 2008.

Plaintiffs are former employees of the Mexican-United States Commission for the Eradication of Screwworms ("Commission"). Compl. ¶ 13, 20-27.[1] The Commission is an international organization that was created pursuant to an agreement between the United States and Mexico. Id ¶¶ 13-14; Agreement To Eradicate Screwworms, U.S.-Mexico, Aug. 28, 1972, 23 U.S.T. 2465 ("International Screwworm Agreement" or "ISA"). Plaintiffs ask the Court to reclassify them as Federal employees for the time that they worked at the Commission, and to award damages for the "full panoply of benefits" that would flow from appointment in the Federal civil service. Compl. ¶¶ 28-33. As we demonstrate below, the Court does not possess subject matter jurisdiction to entertain these claims.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(1)

#### A. The Court's Jurisdiction Is Limited

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued … and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). The United States Supreme Court has rejected "as unsound the argument … that all substantive rights of necessity create a waiver of sovereign immunity such that money damages are available to redress their violation." Testan, 424 U.S. at 400-01. Accordingly, this Court's "jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and … such a waiver cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969); accord Testan 424 U.S. at 399 (quoting King, 395 U.S. at 4).

[1] We cite to plaintiff's amended complaint in this brief as "Compl. ¶ __."

Congress created this Court to permit "'a special and limited class of cases' to proceed against the United States." Hercules Inc. v. United States, 516 U.S. 417, 423 (1996) (quoting Tennessee v. Sneed, 96 U.S. 69, 75 (1878)). The Court "'take[s] cognizance only of those claims which by the terms of some act of Congress are committed to it.'" Hercules, 516 U.S. at 423 (quoting Thurston v. United States, 232 U.S. 469, 476 (1914)).

The Tucker Act is the "central provision establishing the jurisdiction of the court." Testan, 424 U.S. at 397; accord Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002) (Tucker Act is "primary statute" governing the Court's jurisdiction). The Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act "is only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." Testan, 424 U.S. at 398. Instead, "[a] substantive right must be found in some other source of law, such as 'the Constitution, or any Act of Congress, or any regulation of an executive department.'" United States v. Mitchell, 463 U.S. 206, 216 (1983) (quoting 28 U.S.C. § 1491). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." Id. at 216. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" Id. at 216-217 (quoting Testan, 424 U.S. at 400). In other words, "that source must be 'money-mandating.'" Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

B. The "Treaty Exception" Circumscribes The Court's Jurisdiction

"The government is free to waive sovereign immunity subject to any conditions that it chooses." DeArchibold v. United States, 499 F.3d 1310, 1317 n.5 (Fed. Cir. 2007) (citing Luckenbach S.S. Co. v. United States, 272 U.S. 533, 536 (1926)). "Those conditions define the scope of the government's waiver." Id. (citations omitted). One such condition – commonly known as the "treaty exception" – provides that jurisdiction may not be predicated upon an international treaty:

> Except as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations.

28 U.S.C. § 1502. "The test under § 1502 is whether plaintiff's claim could conceivably exist independently of, or separate and apart from, the subject treaty, or whether, on the contrary, it derives its existence so exclusively and substantially from certain express terms or provisions thereof, that consideration of the claim would necessitate our construction of the treaty itself." Hughes Aircraft Co. v. United States, 534 F.2d 889, 903 (Ct. Cl. 1976); see also Dames & Moore v. Regan, 453 U.S. 654, 689 (1981) (section 1502 does not bar jurisdiction for takings claims).

The treaty exception applies, not only to treaties formally ratified by the United States Senate, but also to other types of international agreements as well. International "[e]xecutive agreements … are agreements between the United States and foreign nations." DeArchibold, 499 F.3d at 1314. Courts have long "equated international executive agreements with treaties for purposes of Section 1502." Hughes Aircraft, 534 F.2d at 903 n.17 (citing Yassin v. United States, 110 Ct. Cl. 211, 225 (1948)); accord DeArchibold, 499 F.3d at 1314 (collecting cases). "The reason for this equation is that the fundamental separation-of-powers policy underlying § 1502, i.e., to avoid undue judicial interference (e.g., by construction of particular treaty terms

and provisions) with the Executive Branch's conduct of foreign relations, is equally applicable to both forms of international compact." Hughes Aircraft, 534 F.2d at 903 n.17 (citing Great Western Ins. Co. v. United States, 112 U.S. 193, 200 (1884)).

Plaintiffs allege that the Court "has jurisdiction over the lawsuit because the action arises under a Treaty of the United States," namely, the International Screwworm Agreement. Compl. ¶ 10. The ISA was not ratified by the United States Senate, however, as would be required for treaty status pursuant to Article II, section 2 of the Constitution. Cf. General Handling Systems, Inc., 1975 U.S. Comp. Gen. LEXIS 1932 (Comp. Gen. July 17, 1975) (referring to ISA as a "country-to-country agreement" in the context of a bid protest). Nevertheless, as noted, section 1502 applies to international executive agreements such as the ISA. See Hughes Aircraft, 534 F.2d at 903 n.17; DeArchibold, 499 F.3d at 1314.

Even if the ISA included a money-mandating provision of law (and it does not), section 1502 necessarily precludes any reliance upon it.[2] Accordingly, the Court does not possess jurisdiction to entertain plaintiffs' complaint. See Falcon Dam Constructors v. United States, 136 Ct. Cl. 358 (1956) (section 1502 barred suit by American contractors for breach of United States' treaty obligations to pay for work ordered by U.S.-Mexico Commission); Adarbe v. United States, 58 Fed. Cl. 707, 719-20 (2003) (section 1502 barred suit alleging jurisdiction based upon international agreement); DeArchibold v. United States, 57 Fed. Cl. 29, 34 (2003)

[2] Although the Court need not reach the issue, we note for the sake of completeness that the ISA is not money-mandating. In fact, article 11 of the ISA provides: "Salaries, benefits, and per diem of the personnel hired by the Commission will be paid by the Commission." Treaty, art. 11. There is nothing in the ISA that purports to waive the sovereign immunity of the United States by conferring upon Commission employees a right to sue at all, much less in this Court. In addition, there is a presumption that international treaties do not create individual rights. See Medellin v. Texas, 128 S. Ct. 1346, 1357 & n.3 (2008) (quoting Edye v. Robertson (Head Money Cases, 112 U.S. 580, 598 (1884); 2 Restatement (Third) of Foreign Relations Law of the United States § 907, cmt. a, p. 395 (1986)); DeArchibold, 499 F.3d at 1314-15 & n.3.

(same); see also Alling v. United States, 114 U.S. 562 (1885) (Court of Claims did not possess jurisdiction to entertain claim against United States for money received from Mexico under international treaty).

C. Plaintiffs' Claims For Declaratory Judgment And Improper Classification Are Not Based Upon A Money-Mandating Source Of Law

Unable to rely upon the ISA, plaintiffs must, and fail, to cite a money-mandating provision of Federal law in the complaint. Count I is a claim for a declaratory judgment that plaintiffs are Federal employees within the meaning of 5 U.S.C. § 2105. Compl. ¶¶ 28-32. The Court does not possess jurisdiction to entertain this claim for declaratory relief. See Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. United States, 490 F.3d 940, 944-46 (Fed. Cir. 2007) ("In order for a claim to be brought under … the Tucker Act … the claim must be for monetary relief; it cannot be for equitable relief, except in very limited circumstances not at issue here.") (citing, inter alia, Lee v. Thornton, 420 U.S. 139, 140 (1975) ("The Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief.")). Count II fares no better. Plaintiffs allege that they were improperly classified as non-Federal workers, and thus complain that they have been denied the salary and benefits normally afforded to duly appointed civil servants. Compl. ¶¶ 33-34. There is no money-mandating provision of law, however, that would confer upon plaintiffs an entitlement to a Federal appointment.[3] See Testan, 424 U.S. at 399-400 (no jurisdiction over claim "for pay lost through allegedly improper classifications"); see also General Handling Systems, 1975 U.S. Comp. Gen. LEXIS 1932 ("even though the [Mexican-United States] Commission [for the Eradication of Screwworms] is 80 percent funded

[3] To the extent that plaintiffs also purport to seek retirement benefits in Count II of the complaint, the Court does not possess jurisdiction for the additional reason that plaintiffs have not exhausted their administrative remedies before the Office of Personnel Management pursuant to the Civil Service Reform Act of 1978. See United States v. Fausto, 484 U.S. 439, 454 (1988).

by the United States, the Commission is not an agency of the Federal Government and expenditures by the Commission are not subject to settlement by" the GAO). Plaintiffs' improper classification claims, therefore, are not cognizable in this Court.

D. The Complaint Does Not Name The Proper Defendant

The complaint improperly names Mike Johanns, the former Secretary of Agriculture,[4] and Condaleeza Rice, the Secretary of State, as defendants. The United States, however, is the only proper defendant in this Court. See RCFC 10(a) ("In the complaint the title of the action shall include … the United States being designated as the party defendant[.]"). "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)). "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted). The complaint names individual Federal officers, not the United States, as defendants. The complaint suffers from this additional jurisdictional defect.

E. The Statute Of Limitations Bars Plaintiffs' Pre-July 18, 2000 Claims

Even if plaintiffs could cure all of the aforementioned jurisdictional defects, they still would be seeking damages for unpaid salary and benefits going back to the 1970s, and therefore run afoul of the six year statute of limitations. Compl. ¶¶ 20-26; 28 U.S.C. § 2501.

"Statutes of limitation are vital to the welfare of society and are favored in the law." United States v. Oregon Lumber Co., 260 U.S. 290, 299 (1922) (quoting Wood v. Carpenter, 101 U.S. 135, 139 (1879)). They are not mere "technical" rules, but rather, are "substantial and meritorious." Id. Statutes of limitations serve an important role in promoting justice by "protecting parties from the prosecution of stale claims, when, by loss of evidence from death of

[4] The current Secretary of the Department of Agriculture is Ed Schafer.

some witnesses, and the imperfect recollection of others, or the destruction of documents, it might be impossible to establish the truth." Id. at 300 (quoting Riddlesbarger v. Hartford Ins. Co., 74 U.S. 386, 390 (1869)). The expiration of the applicable statute of limitations bars a plaintiff's claims "without regard to whether the claim would otherwise be meritorious." United States v. Dalm, 494 U.S. 596, 610 (1990).

Section 2501 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The law is "well-settled" that "section 2501 creates a jurisdictional condition precedent for suit in the Court of Federal Claims, which may not be waived by the parties" and is not susceptible to equitable tolling. John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354-55 (2006), aff'd, 128 S. Ct. 750, 753-54 (2008). As "a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity," section 2501 "must be strictly construed." MacLean v. United States, 454 F.3d 1334, 1336 (Fed. Cir. 2006) (quoting Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988)). Section 2501 imposes a "more absolute kind of limitations period" that seeks to "achieve a broad system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency." John R. Sand, 128 S. Ct. at 753 (internal citations omitted).

For these reasons, the Court does not possess jurisdiction to entertain plaintiffs' claims for damages associated with employment prior to July 18, 2000, which is six years before plaintiffs filed their original complaint in district court.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

September 17, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2008, a copy of foregoing "DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick